RECEIVED
IN MONROE, LA
APR 19 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| SAM HENRY, IV | CIVIL ACTION NO. 05-2178 |
| VERSUS | JUDGE ROBERT G. JAMES |
| LUCY SIKES | MAG. JUDGE KAREN L. HAYES |

**OPINION**

Pending before this Court is an Appeal [Doc. No. 1], brought by Sam Henry, IV ("Henry") from an order issued on November 30, 2005, by Judge Henley A. Hunter of the United States Bankruptcy Court for the Western District of Louisiana ("Bankruptcy Court") in *In re: Alvin Ray and Emily Sue Austin*, Case No. 05-31232. For the following reasons, the Bankruptcy Court's Order is AFFIRMED IN PART and REVERSED IN PART, and Henry's Appeal is GRANTED IN PART and DENIED IN PART.

**I.   FACTS AND PROCEDURAL HISTORY**

On May 19, 2005, the Debtors, Alvin Ray and Emily Sue Austin (collectively, "the Debtors"), filed a Chapter 7 bankruptcy. The Debtors were represented by Appellant Henry. Appellee Lucy Sikes ("Trustee") was appointed Interim Trustee.

At the time of the filing, Mrs. Austin was employed full-time as a licensed practical nurse at North Monroe Medical Center (now known as St. Francis North Hospital). Mr. Austin was disabled and unemployed.

The Debtors owned two vehicles, a 1988 Chevrolet truck ("the truck") and a 2002 Ford Taurus car ("the car"). The Debtors told their attorney, Henry, that they had the title to the truck.

1

The truck was listed on Schedule C as exempt under La. Rev. Stat. 13:3881(A)(2) on the basis that Mrs. Austin used it to travel to and from work.

According to the testimony of Mrs. Austin, the Debtors did not have title to the car and believed it to be mortgaged. The Debtors purchased the car in 2004 from Ramsey's Auto and financed the purchase through Community Trust Bank ("the bank"). In their bankruptcy filings, the Debtors listed the debt to the bank on Schedule D as a purchase money security interest and indicated that they wished to reaffirm this debt. The Debtors signed a declaration under penalty of perjury that their filings were true and correct. The filings were also signed by Henry as their attorney.

The reaffirmation agreement with the bank contained the typewritten words "I believe this agreement is in my best interest because" and left a space for the debtor to fill in her response. Mrs. Austin wrote that "the loan is my car payment and I need my automobile."

On July 5, 2005, a meeting of creditors was held. At the meeting, the Trustee questioned the Debtors under oath. According to the Trustee, the Debtors testified that Mrs. Austin drove the truck back and forth to work and that Mr. Austin drove the car. Also according to the Trustee, the Debtors testified that the car was **not** mortgaged, although the mortgage was listed on their Schedules. While the Court has no reason to doubt the Trustee's honesty, her assertions cannot be confirmed because the CD recording of the meeting, made part of the record of the Bankruptcy Court, was not provided to this Court on appeal.

After the meeting of creditors, the Trustee reviewed the documents provided by the Debtors and noted that the Registration Certificate for the car from the Louisiana Department of Motor Vehicles indicated that it was purchased on December 17, 2004, and that no lien

encumbered the vehicle.

At some point, the Debtors learned that the title to the car was with the Department of Motor Vehicles in Baton Rouge and that it had not been forwarded to them because of a typographical error in their address. The Debtors were then able to obtain the title.

On July 11, 2005, the Trustee sent a letter to Debtors requesting that they present the car to the Trustee's auctioneer for an appraisal. The Debtors did not respond to the letter and did not present the car for appraisal.

On September 9, 2005, the Trustee filed a Motion for Turnover of the car on the bases that it was property of the estate, was not encumbered, and was not claimed exempt. Therefore, the Trustee could liquidate the car.

On September 14, 2005, the Bankruptcy Court issued an order granting the turnover of the car.

On September 20, 2005, the Debtors filed amended Schedules B and C. In Schedule B, they added a signature loan to the bank.[1] In Schedule C, they deleted the exemption for the truck and added exemptions for the car and the signature loan. Because the car was valued at $9,000.00, but the Debtors could only take a maximum exemption of $7,500.00, the Debtors owed the estate $1,500.00.[2]

---

[1] From the Court's review of the record, it appears that the signature loan is a line of credit based on the Debtors' equity in their home.

[2] Louisiana Revised Statute 13:3881(A) provides that certain property of the debtor is exempt from seizure. Included in these exemptions are "property necessary to the exercise of a trade, calling, or profession by which [the debtor] earns his livelihood." La. Rev. Stat. 13:3881(A)(2). The debtor may exempt $7,500.00 "in equity value for one motor vehicle per household, used by the debtor and his family household. The equity value . . . shall be based on the NADA retail value. . . . The motor vehicle may be used in exercising a trade, calling or profession or used for transportation to and from the place at which the debtor earns his

3

On September 21, 2005, the Debtors filed a Motion for Reconsideration of Motion for Turnover of Vehicle. According to that motion, (1) the car was originally listed on the Schedules as having been mortgaged to the bank when in fact it was not mortgaged, (2) Mrs. Austin declared that the car is her transportation to and from work and that the truck was inadvertently listed on the Schedule, and (3) the truck is no longer in running order.

On September 22, 2005, the Trustee filed an Objection to Exemption ("Objection") on the car and a Motion for Sanctions.

On October 4, 2005, the Debtors filed a Response.

On November 9, 2005, the Bankruptcy Court held a hearing on the Objection and the Motion for Sanctions. Mrs. Austin testified at the hearing and was questioned by Henry, the Trustee, and Judge Hunter. Following her testimony, the Bankruptcy Court heard argument from Henry and the Trustee and accepted the Trustee's CD of the creditor's meeting into evidence. The Bankruptcy Court also accepted into evidence Henry's statements, as an officer of the Court, regarding his actions.

The Bankruptcy Court then issued oral reasons for its decisions on the Objection and the Motion for Sanctions.

With regard to the Objection, the Bankruptcy Court stated as follows:

> Addressing first the exemption issue, the testimony of Mrs. Austin establishes that the debtors had reasonable cause to believe that the vehicle in question, the 2002 Taurus, was mortgaged to Community Bank. They purchased the vehicle at Ramsey Auto Sales, obtained the funds used to purchase the vehicle from Ramsey's Auto Sales by making arrangements with Community Trust Bank to get the money, she signed papers, and got the money and purchased the vehicle.
>
> That is consistent with the manner in which the vehicle was originally

---

livelihood." La. Rev. Stat. 13:3881(A)(2)(d).

4

> scheduled and the debtor's understanding that she paid money to Community
> Trust Bank in connection with the vehicle.
>
> After the original schedules were filed and the Trustee questioned the
> debtors at the 341 meeting, evidently an issue arose as to whether or not the
> vehicle in question was or was not titled or encumbered by a lien. In fact, the
> debtors, at the request of the Trustee, produced the registration certificate that
> showed that it was not encumbered.

[Doc. No. 8, p. 40]. The Bankruptcy Court then overruled the Objection and permitted the Debtors to claim the exemption on their car.

With regard to the Motion for Sanctions, the Bankruptcy Court faulted Henry for failing to perform a lien search, failed to ask the Debtors for their registration certificate, and failed to research the public records of Ouachita Parish where he might have discovered that the bank had a lien on the Debtors' home, not their car. [Doc. No. 8, pp. 44-46]. Later in his oral ruling, the Bankruptcy Court stated that "we have all spent this time that could have been avoided by a lien search, but . . . I don't want to go out in this case saying that we are requiring a lien search." [Doc. No. 8, p. 47]. The Bankruptcy Court then ordered Henry to pay $1,500.00 to compensate the estate for the loss above the $7,500.00 exemption for the car and $1,500.00 to the Trustee in attorney's fees.

On November 30, 2005, the Bankruptcy Court issued a written order, consistent with its oral reasons for decision, overruling the Trustee's Objection, but ordering that the "equity in the referenced [car] above the statutory exemption in the amount of $1,500.00 is the property of the estate, and that this sum is being paid by attorney Sam O. Henry, IV." The Bankruptcy Court also granted the Motion for Sanctions and ordered Henry to pay $1,500.00 to the Trustee as attorney's fees.

On December 16, 2005, Henry filed this Appeal. On January 10, 2006, Henry filed a

5

brief in support of his Appeal. On January 26, 2006, the Trustee filed a brief in opposition to Henry's appeal. On February 6, 2006, Henry filed a reply brief. Briefing is complete, and the Court is now ready to rule.

## II. ISSUES ON APPEAL

Henry presents three issues for review:

(1) Did the [Bankruptcy Court] err in sanctioning debtors' attorney for filing original pleadings stating that debtors' vehicle was mortgaged to Community Trust Bank, after his clients (the debtors) told him the vehicle was mortgaged to Community Trust Bank, told him that Community Trust Bank financed the purchase of the vehicle and that debtors did not have possession of the title of the vehicle, and the clients signed under oath the vehicle was mortgaged to Community Trust Bank?

(2) Did the trial court err in combining the Motion for Sanctions with the Objection to Debtors' Claim of Exemption, which put the attorney in the position of representing his clients to the fullest, which compromised his ability to represent himself in the Motion for Sanctions?

(3) In the alternative, were the sanctions of $3,000.00 issued by the trial court against undersigned attorney too severe, given that the court found no bad faith, no intentional misrepresentation to the Court, the Trustee, or to his clients, no violation of an existing local or federal rule or custom, and no previous conduct of a similar nature?

## III. LAW AND ANALYSIS

### A. Jurisdiction

The Court's jurisdiction to hear appeals from orders of the bankruptcy court is conferred by 28 U.S.C. § 158(a)(1), which provides in part that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees . . . . An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." 28 U.S.C. § 158(a).

### B. Standard of Review

A federal district court reviewing a bankruptcy court's decision acts as an appellate court

6

and thus applies the same standard of review generally used by a federal court of appeals. *In re Webb*, 954 F.2d 1102, 1103-04 (5th Cir. 1992). The bankruptcy court's "decision to impose sanctions is discretionary" and examined under an abuse of discretion. *See Matter of Terrebonne Fuel & Lube, Inc.*, 108 F.3d 609, 613 (5th Cir. 1997). The bankruptcy court's findings of fact are examined under the clearly erroneous standard. *In re Young*, 995 F.2d 547, 548 (5th Cir. 1993). Factual findings are reversed only if, based on all of the evidence, the court is left "with the definite and firm conviction that a mistake has been made." *Id.* The bankruptcy court's conclusions of law, as well as mixed questions of law and fact, are subject to *de novo* review. *Matter of Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000).

C. **Sanctions under Rule 9011**

Bankruptcy Rule 9011(b) and (c) reads in pertinent part:

(b)     Representations to the court

By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or by a establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on lack of information or belief.

(c)     Sanctions

> If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, . . . impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Fed. R. Bankr. P. 9011(b) and (c).

### 1. Did the Bankruptcy Court Err in Ordering Sanctions Against Henry?

First, Henry contends that the Bankruptcy Court erred in sanctioning him for filing original pleadings stating that Debtors' car was mortgaged to bank when (1) the Debtors told him that the bank financed the purchase of the car and that the car was mortgaged to the bank, (2) the Debtors did not have possession of the title to the car, and (3) the Debtors signed a declaration under penalty of perjury that the car was mortgaged to the bank.

The Trustee responds that the Bankruptcy Court properly found that Henry failed to conduct a "reasonable investigation of the case prior to the pleadings being filed with the court." [Doc. No. 10, p. 6]. She cites the Court to the transcript of the hearing, and the Bankruptcy Court's findings. She further points out that the Debtors testified at the hearing that the registration was located in the glove compartment of their car. If Henry had asked the Debtors for a copy of the registration, he could have determined that there was no lien on the car. She notes that he also failed to perform any independent investigation regarding the alleged lien.

The Court finds that the Bankruptcy Court did not err in imposing sanctions on Henry. The Petition and Schedules presented to the Bankruptcy Court did contain incorrect information. Regardless of the past practice of debtors' attorneys in the Western District, Henry could have ascertained the correct information if Henry had simply reviewed the registration for the car. Because he failed to do so, his inquiry, under all the circumstances in this case, was not reasonable. While the Court understands and has some sympathy for Henry's argument that he

had no reason to question the Debtors, this one additional step, taken by the Trustee, could have prevented additional time and effort by all involved.

The Court notes, however, that it does not affirm the Bankruptcy Court's imposition of sanctions on the basis that Henry failed to conduct a lien search or a search of the mortgage records of Ouachita Parish. There is nothing in the record before the Court to suggest that some type of special investigation was required. Rather, the Court finds that, as a matter of reasonable inquiry, Henry should have requested the title and the registration for the Debtors' vehicles.

### 2. Did the Bankruptcy Court Err in combining the Motion for Sanctions with the Objection?

Second, Henry contends that the Bankruptcy Court erred in combining the Motion for Sanctions with the Objection because the joint hearing placed him in the position of representing his clients to the fullest on the Objection, thus compromising his ability to represent himself in the Motion for Sanctions.

The Trustee did not respond to Henry's contention.

The Court has reviewed the record and finds that the Bankruptcy Court did not err in combining the hearing on the Objection and the Motion for Sanctions. While Henry had a duty to zealously represent his clients, it is unclear to the Court how that duty affected his ability to defend himself against the Motion for Sanctions. The testimony of Mrs. Austin was not inconsistent with the position he has advocated. Henry may not have emphasized his reliance on the Debtors' statements as strongly as he would have otherwise because of the Debtors' presence at the hearing. However, it was clear to this Court and, based on the transcript, to the Bankruptcy Court that Henry relied on the information provided by the Debtors' in preparing the original Petition and Schedules.

### 3. Were the Sanctions Imposed Against Henry Too Severe?

The Court has determined that the Bankruptcy Court did not err in ordering sanctions against Henry or in combining the hearing on the Objection and the Motion for Sanctions. Alternatively, Henry argues that sanctions of $3,000.00 were too severe when the Bankruptcy Court did not find he exercised bad faith; made intentional misrepresentations to the Court, the Trustee, or to his clients; violated an existing local or federal rule or custom; or engaged in previous conduct of a similar nature.

The Trustee argued only that the attorney's fee award of $1,500.00 to her should be affirmed and made no comment regarding the imposition of an additional sanction of $1,500.00 payable to the estate.

Based on the record on appeal, the Court finds that the imposition of sanctions in this case was excessive. The Court recognizes that the Bankruptcy Court is more familiar with the attorneys who regularly practice before it. It may well be true that, in the words of Judge Hunter, Henry needs to "get with the program" in order to comply with the more stringent requirements for debtors' attorneys after the October 17, 2005 effective date for the amendment to the bankruptcy laws. [Doc. No. 8, p. 44]. However, this case was filed under the old laws, and the Court does not believe those laws imposed such stringent investigatory requirements on debtors' attorneys.[3]

Additionally, the Bankruptcy Court accepted the testimony of Mrs. Austin that she and her husband were not aware that they had title to the car until after the original Petition and

---

[3]The Court expresses no opinion, nor should it, on the requirements for debtors' attorneys under the amended bankruptcy laws. Those issues should first be resolved at the trial level.

Schedules were filed. Therefore, he must also accept that Henry acted upon the facts provided to him by his clients. There is no allegation or finding that he acted intentionally or in bad faith.

While the transcript suggests that the Bankruptcy Court is frustrated with the actions of Henry in this case and others, the record simply does not support the amount of the sanctions ordered. As noted by Henry, at the time of the hearing, the Trustee was still permitted to collect from the Debtors the remaining $1,500.00 equity in the car above the statutory exemption. Given the Bankruptcy Court's findings on the Objection, the record does not support an imposition of a $1,500.00 sanction against Henry to benefit the unsecured creditors.

In contrast, the record does support the imposition of a $1,500.00 attorney's fee award to the Trustee. The Court has already concluded that Henry failed to conduct a reasonable inquiry prior to filing the Debtors' original Petition and Schedules. Henry also failed to act promptly after receiving the Trustee's July 11, 2005 letter. Instead, he waited two more months until the Trustee obtained a turnover order before filing amended Schedules. If Henry had acted promptly, the parties and the Bankruptcy Court would not have incurred the additional time and expense in resolving the exemption issue.

## IV. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's November 30, 2005 Order is AFFIRMED IN PART and REVERSED IN PART, and the Appeal filed by Sam Henry, IV [Doc. No. 1] in the above-captioned case is GRANTED IN PART and DENIED IN PART. The Court agrees with Judge Hunter's decision to grant the Motion for Sanctions filed by Trustee Lucy Sikes, but finds that the award of sanctions in the total amount of $3,000.00 is excessive. The Court agrees with and affirms the Bankruptcy Court's imposition of a $1,500.00 attorney's fee award to the Trustee, but reverses the imposition of a $1,500.00 sanction payable to the estate for

the equity in the car above the statutory exemption.

MONROE, LOUISIANA, this \_\_19\_\_ day of \_\_April\_\_, 2006.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE